THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER STROJNIK, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-01170 |
| LANDRY'S INC. D/B/A THE POST OAK HOTEL | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this case that has been referred for all pretrial proceedings is Defendant, Landry's Inc. d/b/a The Post Oak Hotel's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) for Lack of Article III Standing/Subject Matter Jurisdiction and F.R.C.P. 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted (Document No. 8). Having considered that motion, the response in opposition (Document No. 10), Defendant's reply (Document No. 11), the allegations in Plaintiff's Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED.

### I. Background

This is an action for injunctive relief under Title III of the Americans With Disabilities Act (ADA). Plaintiff, Peter Strojnik, Sr., who is an attorney, but who is proceeding *pro se*, alleges he is disabled as defined by the ADA due to severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee, and that he has difficulty walking and requires compliant mobility accessible features at places of

1

public accommodation. He further alleges that he is a "tester" for the purpose of determining whether places of public accommodation are in compliance with the ADA,[1] and that when he visited the website of The Post Oak Hotel, which is located in Houston, Texas, and owned and operated by defendant, Landry's Inc. dba The Post Oak Hotel, in November 2018, with an intent to book a room, he could not verify whether The Post Oak met his accessibility needs, because the website did not contain sufficient information about a number of the accessible features that he claims to require. The website's non-disclosure of information on certain accessibility features, Strojnik maintains, prevented him from staying at The Post Oak, and constitutes a violation of Section 36.302(e) of the ADA. He has brought this suit under the ADA seeking injunctive relief, nominal damages, and attorneys' fees. He has also asserted a claim, based on the same allegations, for common law negligence.

---

[1] Strojnik has filed numerous ADA cases – PACER puts the federal count over 1,000, although perhaps there are some double-counted cases – sometimes as the party to the case, and sometimes as an attorney. In addition, although not strictly relevant to the disposition herein, the Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik, effective May 10, 2019. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. The Arizona State Bar stated that Peter Strojnik was placed on Interim Suspension on July 11, 2018 because:
> Strojnik filed more than 1,7000 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA).

See Order of Interim Suspension, No. PDJ-2018, dated July 11, 2018 (Ariz. July 11, 2018), a copy of which is attached as Exhibit 3 to Doc. No. 8. Although Plaintiff has primarily focused his litigation on state and federal courts in the Ninth Circuit, he has recently availed himself of federal courts in Texas. Given the multiplicity of suits filed by Strojnik, which may suffer the same lack of standing issue addressed herein, it may be that Strojnik should be treated as a vexatious litigant. *See, e.g.,* Tex. Civ. Prac. & Rem. Code §11.001, *et seq.*; *Alliance Riggers & Constructors, Ltd. V. Restrepo*, No. 3:14-cv-00408-DCG, 2015 WL 966324, at *2 (W.D. Tex. Jan 8, 2015).

Defendant seeks dismissal of Strojnik's claims, arguing that: (1) Strojnik lacks standing to bring an ADA accessibility claim; (2) Strojnik has failed to state a plausible ADA accessibility claim; and (3) Strojnik has not alleged a plausible negligence claim under Texas law.

## II. ADA Accessibility

Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

An "inn, hotel, motel, or other place of lodging" is considered a place of public accommodation. 42 U.S.C. §12181(7)(A). Hotels are places of public accommodation within the meaning of the statute. 42 U.S.C. §12181(7)(A). 28 C.F.R. §36.302(e)(1), enacted pursuant to the ADA, regulates "reservations made by any means" at places of public accommodation. Under this regulation, hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. §36.302(e)(1)(ii).

A plaintiff alleging Title III ADA discrimination "must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. Appp'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. §12182(a)).

3

*Pro se* plaintiffs are limited to seeking injunctive relief under the ADA.[2] A plaintiff seeking injunctive relief bears the additional burden of establishing a "real or immediate threat that the plaintiff will be wronged" in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). When seeking injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (quoting *Lyons*, 461 U.S. at 102). Further, "[b]ecause injunctions regulate future conduct, a party seeking injunctive relief must allege . . . a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Wooden v. Bd. Of Regents Univ. Sys. Of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001) (quoting *Lyons,* 504 U.S. at 102).

### III.  Discussion – Standing

Defendant argues in its Motion to Dismiss that Strojnik lacks standing to pursue an ADA accessibility claim because there is no current accessibility violation related to the hotel's website, Strojnik has not alleged any facts to support a determination that he has a plausible intent to return to the hotel's website, and Strojnik has not alleged a concrete and particularized harm related to his use of the hotel's website.

The power of the federal judiciary to hear cases is limited to only those in which the Plaintiff has constitutional standing. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016). To have constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

---

[2] Plaintiff alleges that he is entitled to attorney's fees, but he cites no authority as to why attorney's fees should be awarded to a *pro se* litigant (Doc. No. 1); *see* Complaint, Wherefore clause.

favorable judicial decision." *Id.* To survive a motion to dismiss, the complaint must "clearly allege facts demonstrating each element." *Id.* (internal quotation omitted).

An "injury in fact" is a harm that is "concrete and particularized" and "actual or imminent." *Id.* at 560 (internal quotation marks and citations omitted). A plaintiff must allege sufficient facts demonstrating that he "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate." *Lyons*, 461 U.S. at 102 (internal quotation marks and citations omitted). To plead and prove an injury-in-fact, a plaintiff must allege facts showing that he personally is adversely affected. *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). The first element, "injury in fact" requires a plaintiff to show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted). To be concrete, the injury must be "real," and not "abstract." *Spokeo*, 136 S. Ct. at 1548. Consequently, "a bare procedural violation" of a statute or regulation is insufficient to satisfy the injury-in-fact requirement. *Id.* at 1549.

"Intangible injuries can nevertheless be concrete." *Id.* The court must consider two factors when evaluating the concreteness of an intangible injury: (1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and (2) whether Congress has "elevate[d] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* (internal quotations omitted).

Here, for the reasons advanced by Defendant, Strojnik lacks standing to pursue an ADA accessibility claim against Defendant. First, Strojnik's complaints about the hotel's website, to the extent the complaints were, at one time, factually true, have been remedied by Defendant.

5

According to the affidavit of Jorge Gonzalez (Document No. 8-4), when a reservation is requested through the hotel's website, the system indicates the general types of rooms available, such as luxury rooms and one-bedroom suites, and the size (e.g., king) and number of beds in the room. *Id.* at 6. The website allows for the selection of an accessible room, noting that those rooms include roll-in showers, *Id.*, and provides an extensive description of the accessibility features of the accessible rooms and the hotel. *Id.* at 7. Among the information listed is that "accessible guest rooms with mobility features with entry doors that provide 32 [inches] or clear width" are available. *Id.* Bedroom and bathroom doors also are "at least 32 inches wide." *Id.* The website notes that "assistive listening devices"" and "TTY [text telephone]" are available for guest use, as well as vibrating alarm clocks for the hearing impaired. *Id.* Grab bars are available in the bathroom. *Id.* Gonzalez also states in his affidavit that the hotel's accessible rooms are listed as options on at least three different websites. In addition, the website, as it currently exists, generally complies with the ADA regulation governing lodging reservations, which provides, in relevant part:

> (e) (1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; [and]
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. §36.302(e)(1)(i) to (ii). Strojnik has not alleged in what manner the hotel's website is deficient in listing the accessibility features of its accessible rooms, and has not alleged how the website should be edited to provide the type of information Strojnik believes is needed. Because Plaintiff must allege, for constitutional standing purposes, that any injury will be "redressed by a

6

favorable decision," *Lujan*, 504 U.S. at 560-561, and because the deficiencies in the hotel's website that were generally described by Strojnik in his Complaint, have been corrected, Strojnik cannot show that any alleged injury can be remedied or redressed by a favorable decision and the injunctive relief he seeks.

Second, there are no allegations from which a plausible intent to return to the hotel's website could be established. Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims *only* if they show a plausible intention or desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721 F.App'x 336, 339-40 (5th Cir. 2018); *see also Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). A vague allegation of an intent to return to the place of injury "some day" is insufficient. *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require") (emphasis original)); *see also Deutsch*, 2018 WL 704131 at *3. "When analyzing this likelihood of return, courts have examined such factors as: (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005); *see also Van Winkle v. Pinecroft Ctr., L.P.*, No. CV H-16-2694, 2017 WL 3648477, at *9 (S.D. Tex. Aug. 23, 2017); *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 594 (S.D. Tex. 2014). Furthermore, "past exposure to illegal conduct does not itself present a case or controversy regarding injunctive relief . . . if

unaccompanied by any continuing, present adverse effect." *Lyons,* 461 U.S. at 102; *Deutsch,* 2018 WL 704131 at *3 (citing *Lujan*).

Here, Strojnik's vague allegation of an intent to return to the hotel's website[3] is insufficient to demonstrate plausible intent. While Strojnik alleges he researched rooms at The Post Oak on The Post Oak's website and "third party booking websites" on November 14, 2018, intending to visit between November 16, 2018 and November 19, 2018. (Document No. 1), he does not allege why he was intending to visit the hotel, does not identify the name of the third party booking websites he visited, has not alleged how any alleged ADA violation continues to negatively affect his day to day life, and has not alleged that he has visited the website again since then. *Wintergreen Commercial P'Ship,* 2005 WL 2989307 at *8 (alleged past injury – suffered during a single visit to defendant's establishment – alone is not sufficient for Article III standing). He also does not allege that he ever visited the hotel, and he does not allege any concrete plans to ever travel to Houston, to visit The Post Oak's website or the third party website, or to stay at The Post Oak. *See Delil v. El Torito Restaurants, Inc.,* C-94-3900-CAL, 1997 WL 714866, at *4 (N.D. Cal. June 24, 1997) (the distance between plaintiff and defendant – over 100 miles – was one factor that supported the court's finding of no standing); *see also Deutsch v. Yu,* No. A-16-CV-72 RP, 2016 WL 5317370, at *4 (W.D. Tex. Sept. 21, 2016), Upon this record, Strojnik has not made a showing of a plausible intent to return to the hotel or the hotel's website.

Third and finally, Strojnik has not alleged a concrete or particularized injury relative to the hotel's website. Strojnik alleges that he suffers from right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee (sic)."

---

[3] The only allegation in the Complaint relative to an intent to return is as follows: "Plaintiff intends to visit Defendant's Hotel at a time when the Defendant's noncompliant Hotel becomes fully compliant with the ADAAG." Complaint (Document No. 1) at 2.

8

(Document No. 1). Plaintiff also alleges that these impairments "substantially limit his major life activities" and he "walks with difficulty and pain and requires compliant mobility accessible features." *Id.* He then alleges that The Post Oak's website and third party booking website "fail[e]d to identify and describe accessible features in the hotel." *Id.* Strojnik, however, fails to identify what accessible features were not described and why he needs those features. Without any allegation regarding the specific defect that personally prevented him from booking a hotel room with The Post Oak, Plaintiff has failed to plead a concrete and particularized harm, which is required for constitutional standing.

As part of his response to Defendant's Motion to Dismiss, Strojnik has asked for leave to amend to "correct, modify or add any particular fact based allegation that the Court finds insufficient." Response (Document No. 10) at 15. While leave to amend is generally freely given, and "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002), here, nothing in the record or Plaintiff's arguments suggests that Plaintiff could amend his pleadings, in a manner consistent with Fed. R. Civ. P. 11, to set forth allegations that would give him standing to assert an ADA accessibility claim against Defendant. Amendment should, therefore, not be allowed.

In all, for each of the reasons set forth by Defendant, both collectively and independently, Plaintiff Peter Strojnik lacks standing to assert an ADA accessibility claim against Defendant based on the contents of Defendant's website.[4] *See e.g., Strojnik v. 1315 Orange LLC*, Case No.

---

[4] It is unclear from Plaintiff's Complaint whether he intends to state a claim related not just as to alleged insufficient descriptions of the accessibility features of The Post Oak, but also regarding the existence of actual physical barriers to access at the property, which he alleges he has not visited. (Document No. 1) (alleging in "Addendum A" the barriers underlying his claims, which include the "inaccessible" pool and inaccessible bar and seating area (Document No. 1 at 16, 18),

19cv1991-LAB (JLB), 2019 WL 5535766 (S.D. Ca. Oct. 25, 2019) (dismissing for lack of standing Plaintiff's ADA accessibility claim where Plaintiff had not "adequately alleged how any of the barriers affect him" and there was only a "bare allegation were only "bare allegation" of an intent to return). Defendant is therefore entitled to dismissal of Strojnik's ADA accessibility claim under Rule 12(b)(1).

### IV. Discussion – Failure to State a Claim

In addition to seeking dismissal of Strojnik's ADA claim for lack of standing, Defendant argues that Strojnik cannot maintain a plausible ADA accessibility claim based on the contents of the hotel's website because websites are not public places of accommodation. In addition, with respect to the negligence claim, Defendant argues that Strojnik cannot maintain such a claim based on the same allegations and conduct upon which his ADA accessibility claim is based.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains

---

and also alleging that Plaintiff was denied "full and equal use or access" due to failure "to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs" and indicating that he "encountered such barrier" on the date he alleges he accessed The Post oak's website). Because Plaintiff has not actually encountered the physical barriers, his claim fails for lack of standing. *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1253-54 (M.D. Fla. 2000) (plaintiff lacked standing to pursue ADA Title III case where the plaintiff had not visited the defendant's theme parks until after the litigation began); *see also Wintergreen Commercial P'ship, Ltd.* 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) ("[b]elated efforts to bolster standing are future.").

10

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In *Zaid v. Smart Financial Credit Union*, Civil Action No. H-18-1130, 2019 WL 314732 * 6 (S.D. Tex. Jan. 24, 2019), this Court determined that an ADA claim could not be based on the alleged deficiencies in a business' website because a website is not a place of public accommodation. *See also Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 534-36 (5th Cir. 2016) (concluding that vending machines are not places of public accommodation). In that respect, Strojnik has not alleged a plausible ADA accessibility claim and that claim is additionally subject to dismissal under Rule 12(b)(6).

As for the negligence claim asserted by Strojnik, nothing in Strojnik's allegations states a plausible negligence claim under Texas law given that all of Strojnik's allegations are covered by the ADA and any Texas statutory/regulatory counterpart. *See Evans v. Wright,* No. 6:14CV566, 2015 WL 5766862, at *8 (E.D. Tex. Sept. 29, 2015) ("Acts of negligence do not fall under the ambit of the ADA"); *see also Pena v. H.E. Butt Grocery Co.*, No. Civ. A. B-05-052, 2005 WL 2277500 *2 (S.D. Tex. Aug. 22, 2005) (a negligence cause of action and/or a claim for money damages is not available to remedy a defendant's noncompliance with the ADA). Furthermore,

there are no factual allegations in Strojnik's complaint that align with the elements of a common law negligence claim under Texas law. To state a claim for negligence under Texas law a plaintiff must allege "'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). Here, Strojnik alleges in his Complaint that Defendant breached "a duty to Plaintiff to remove ADA accessibility barriers," that Defendant acted knowingly and intentionally, and that Defendant's knowing and intentional discrimination caused Plaintiff damage. Complaint (Document No. 1) at 5-6. These allegations do not support the existence of a duty outside that imposed by the ADA. In addition, the allegations of intentional and knowing conduct are inconsistent with the concept of negligence, which is based on the failure to exercise reasonable care. *Union Pac. R.R. Co. v. Nami*, 498 S.W.3d 890, 896 (Tex. 2016) ("negligence means the failure to use ordinary care—failing to do what a reasonable person like the defendant would have done under the same or similar circumstances—to protect against unreasonable risk of harm"). Because Strojnik's negligence claim is based on the same allegations as his ADA claim, and because there are no factual allegations that state a plausible state law negligence claim attendant to Strojnik's access and use of Defendant's website, Strojnik's negligence claim is subject to dismissal under Rule 12(b)(6).

V.   **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff lacks standing to assert the Americans with Disabilities Act claim he has alleged in this case, and that he has not stated plausible ADA and negligence claims based on the contents of Defendant's hotel's website, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss (Document No. 8) be GRANTED and Plaintiffs' claims be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 9th day of December, 2019.

*[signature]*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE